NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RACHEL WILLIAMS,

Plaintiff - Appellant,

v.

LELAND DUDEK,
Acting Commissioner of Social Security,

Defendant - Appellee.

No. 24-2680

D.C. No.
3:23-cv-00836-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted April 1, 2025[**]
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Rachel Williams appeals the district court's judgment affirming the decision

of the Commissioner of the Social Security Administration (SSA) denying her claim

for benefits. The SSA Administrative Law Judge (ALJ) concluded that Williams

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was not disabled, and the district court affirmed.  We review the factual determinations of SSA for substantial evidence.  *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022).  For the following reasons, we affirm.

Williams argues that the ALJ failed to resolve "significant discrepancies between" her vocational consultant's estimates of the number of available jobs in the national economy that she could perform and the vocational expert's estimates.  If a claimant contradicts numbers provided by a qualified vocational expert, we require "an ALJ to consider competing job numbers . . . if they constitute significant probative evidence . . . ."  *Id.* at 1194 (citations omitted).  To be probative, the competing numbers generally must have been calculated using the same methodology as employed by the vocational expert.  *See Wischmann v. Kijakazi*, 68 F.4th 498, 506 (9th Cir. 2023).

Here, assuming without deciding that the competing estimate was probative and the ALJ erred in failing to reconcile the discrepancy between the estimates, any error was harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by regulation*, 20 C.F.R. § 404.1502(a).  We conclude, under the circumstances of this case, the estimate provided by Williams' vocational consultant would still satisfy the standard of substantial numbers in the national economy.  Therefore, any error was harmless, and we affirm the judgment of the district court.

**AFFIRMED.**